Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Barry Allen Jensen**

Case No. **22-41904**
CHAPTER 13 PLAN ☑ Modified
Dated: **January 31, 2023**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1 As of the date of this plan, the debtor has paid the trustee $___.
2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $800.00 | 12/2022 | 01/2023 | $1,600.00 |
| $1,100.00 | 02/2023 | 11/2027 | $63,800.00 |
| | | TOTAL: | $65,400.00 |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee ___.
2.5 The debtor will pay the trustee a total of $ **65,400.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **6,540.00** [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of Property |
|---|---|---|
| | -NONE- | |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| 5.1 | U.S Department of HUD | Money Loaned |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

|  | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | Flagstar/Lakeview Loan | $573.63 | $23.91 | 12/2022 | 24 | $573.63 | $0.00 | $573.63 |
|  |  |  |  |  |  |  | TOTAL | $573.63 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay,the amount set forth in the "Total Payments" column belowon the followingsecured claims if a proof of claim is filed andallowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

|  | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | ✓ | 12/2022 | $590.07 | 2 | $0.00 |  |  |
| 9.1 | Saint Cloud Credit Union | $30,232.25 | 5.25 |  | 02/2022 | $573.44 | 58 | $33,259.22 | $1,180.14 | $34,439.36 |
|  |  |  |  |  |  |  |  |  | TOTAL | $34,439.36 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Attorney Fees | $3,500.00 | 12/2022<br>02/2023 | $100.00<br>$300.00 | 2<br>11 | $3,500.00 | $0.00 | $3,500.00 |
| 10.2 | Internal Revenue Service | $1.00 | 12/2022 | Pro rata | Pro rata | $1.00 | $0.00 | $1.00 |
| 10.3 | MN Dept of Revenue | $1.00 | 12/2022 | Pro rata | Pro rata | $1.00 | $0.00 | $1.00 |
|  |  |  |  |  |  |  | TOTAL | $3,502.00 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |  |  |
|  |  |  |  |  |  | TOTAL | $0.00 |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **20,345.01** [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1   The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **0.00** .

13.2   The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **17,225.84** .

13.3   Total estimated unsecured claims are $ **17,225.84** [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property (including complete legal description of real property) |
|---|---|
| -NONE- |  |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in

this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 16.1 | *The plan is a step plan which will pay as follows: $800.00 Monthly for 2 months, then $1,100.00 Monthly for 58 months |
|---|---|
| 16.2 | **This is a 100% plan. Allowed general unsecured non-priority claims shall be paid in full.**<br><br>**A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**<br><br>**The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan shall, upon confirmation of the plan, send debtor(s) monthly statements and are authorized to speak to debtor about post-petition payments.** |
| 16.3 | |

**SUMMARY OF PAYMENTS:**

| Class of Payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | $ 6,540.00 |
| Home mortgages in default [Part 6] | $ 573.63 |
| Claims in Default [Part 7] | $ 0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ 0.00 |
| Secured claims excluded from § 506 [Part 9] | $ 34,439.36 |
| Priority Claims [Part 10] | $ 3,502.00 |
| Domestic support obligation claims [Part 11] | $ 0.00 |
| Separate classes of unsecured claims [Part 12] | $ 0.00 |
| Timely filed unsecured claims [Part 13] | $ 20,345.01 |
| TOTAL (must equal line 2.5) | $ 65,400.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Timothy P. Tonga**
        **Timothy P. Tonga**
        Attorney for debtor or debtor if pro se

Signed: **/s/ Barry Allen Jensen**
        **Barry Allen Jensen**
        Debtor 1

Signed: _____
        Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:	Case No: 22-41904

Barry Allen Jensen

      Debtor(s).

## NOTICE OF CONFIRMATION HEARING

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled on Thursday, February 16, 2023, at 10:00 a.m., at the U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 8 West, 8th Floor, 300 South 4th Street, Minneapolis, Minnesota.

Any objection to the modified plan filed shall be filed and served not later than 48 hours prior to the time and date set for the confirmation hearing.

Dated this 31st day of January, 2023.

                                        LIFEBACK LAW, P.A.

                                      /e/Timothy P. Tonga -#0400275
                                      Attorney for Debtor(s)
                                      211 South 4th St.
                                      Brainerd, MN 56401
                                      (218) 822-3300
                                      timothy@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In re: Case No. 22-41904

Barry Allen Jensen

            Debtor(s).

**UNSWORN CERTIFICATE OF SERVICE**

      I, Timothy A. Torreson, declare under penalty of perjury that on January 31, 2023, I caused to be served the Notice of Confirmation Hearing and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.

Dated: January 31, 2023                                   /e/ Timothy A. Torreson
                                                                    Timothy A. Torreson
                                                                    LifeBack Law Firm, P.A.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0864-4<br>Case 22-41904<br>District of Minnesota<br>Minneapolis<br>Tue Jan 31 08:26:40 CST 2023 | Lakeview Loan Servicing, LLC<br>25 N DALE ST<br>ST PAUL, MN 55102-2227 | Minneapolis<br>301 Diana E. Murphy U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415-1320 |
| CVS Pharmacy<br>600 Central Street Avenue East<br>Saint Michael MN 55376-9632 | Capital One<br>Attn: Bnakruptcy<br>P.O. Box 30285<br>Salt Lake City UT 84130-0285 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 |
| Discover Financial<br>Attn: Bankruptcy<br>Po Box 3025<br>New Albany OH 43054-3025 | Flagstar Bank<br>Attn: Bankruptcy<br>5151 Corporate Drive<br>Troy MI 48098-2639 | Goldman Sachs Bank USA<br>Attn: Bankruptcy<br>Po Box 70379<br>Philadelphia PA 19176-0379 |
| Internal Revenue Service<br>Centralized Insolvency<br>PO Box 7346<br>Philadelphia PA 19101-7346 | LAKEVIEW LOAN SERVICING, LLC<br>5151 Corporate Dr<br>Troy, MI 48098-2639 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| MN Dept of Revenue<br>Attn: Denise Jones<br>PO Box 64447<br>Saint Paul MN 55164-0447 | Saint Cloud Credit Union<br>Attn: Bankruptcy<br>3030 1st Street South<br>Saint Cloud MN 56301-3867 | St Cloud Financial Credit Union<br>3030 1st St S<br>St Cloud, MN 56301-3867 |
| TD Retail Card Services<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 | Td Rcs/proform Financi<br>Td Rcs<br>Columbia SC 29202 | (p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP<br>477 MICHIGAN AVE #1600<br>DETROT MI 48226-2564 |
| US Trustee<br>1015 US Courthouse<br>300 S 4th St<br>Minneapolis, MN 55415-3070 | (p)UPGRADE INC<br>2 N CENTRAL AVE<br>10TH FLOOR<br>PHOENIX AZ 85004-2322 | Wells Fargo Bank NA<br>1 Home Campus Mac X2303-01a<br>3rd Floor<br>Des Moines IA 50328-0001 |
| Wells Fargo Bank, N.A.<br>Wells Fargo Card Services<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 | Barry Allen Jensen<br>221 Glen Road N<br>Watkins, MN 55389-1253 | Kyle Carlson<br>Chapter 13 Trustee<br>PO Box 519<br>Barnesville, MN 56514-0519 |
| Timothy P. Tonga<br>LifeBack Law Firm, PA<br>6445 Sycamore Ct. North<br>Maple Grove, MN 55369-6028 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

U.S. Department of Housing and Urban Develop
77 West Jackson Boulevard
Chicago, IL 60604

Upgrade, Inc.
Attn: Bankruptcy
275 Battery Street 23rd Floor
San Francisco CA 94111

End of Label Matrix
Mailable recipients    24
Bypassed recipients     0
Total                  24

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re                                                                Case No. **22-41904**
    **Barry Allen Jensen**

    Debtor(s).

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 01/30/2023

X _____          X _____
Signature of Debtor1 or Authorized                   Signature of Debtor 2
Representative

**Barry Allen Jensen**
Printed Name of Debtor 1 or                              Printed Name of Debtor 2
Authorized Representative